UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 SEP 20  A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| WILLIAM BRADFORD,<br>On behalf of himself and all others<br>similarly situated, and<br>BONNIE BRADFORD,<br>　　　　Plaintiffs<br><br>v.<br><br><br>DELTA MANAGEMENT ASSOCIATES, INC.,<br>　　　　Defendant | <br><br><br><br><br><br>Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In addition, the Massachusetts Attorney General has promulgated regulations designed to "establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A], for the collection of debts from persons within the Commonwealth of Massachusetts." 209 CMR 18.01.

## Parties

1. Plaintiff William Bradford is an individual who resides in Natick, Middlesex County, Massachusetts.

2. Plaintiff Bonnie Bradford is an individual who resides in Natick, Middlesex County, Massachusetts

3. Defendant Delta Management Associates, Inc. ("Delta") is a business corporation organized under the laws of the Commonwealth of Massachusetts and having a principal place of business in Chelsea, Suffolk County, Massachusetts.

## Jurisdiction and Venue

4. Certain of plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

6. At all times relevant to this complaint, defendant was a "debt collector" within the meaning of 15 U.S.C. §1692a and 209 CMR 18.101, and was engaged in trade or commerce in the Commonwealth of Massachusetts.

7. Defendant sent William Bradford a letter dated February 6, 2007, with respect to an allegedly delinquent student loan. A true copy of said is attached hereto as Exhibit A.

8. On or about March 27, 2007, William Bradford called defendant to clarify and attempt to resolve the alleged debt, and spoke to an employee who identified herself as "Pam." Mr. Bradford asked if he could make regular payments based on what he could afford.

2

When that proved unsuccessful, Mr. Bradford's mother, plaintiff Bonnie Bradford, got on the phone. Bonnie Bradford asked Pam about her son's application for a deferment. Pam replied that it had been denied. When Bonnie stated that they had not been informed of that, Pam said: "They don't have to tell you." Bonnie Bradford and Pam then discussed payment options, but Pam insisted on at least $200/month, which was not affordable. At this point Pam told Bonnie Bradford, in a loud, angry tone of voice, that she was "hurting" her son by teaching him not to pay his bills, adding that she was "just making it worse." Pam then added, raising her voice even more: "if the State comes after your son, it will be your fault," and hung up.

9. On or about May 15, 2007, a representative of defendant who identified herself as "Nancy" called Mr. Bradford. She did not mention where she was calling from, or the purpose of the call.

10. On or about May 25, 2007, defendant left a message on the Bradfords' answering device. The message did not disclose the name of the caller or the company, stating only that the call concerned an "urgent matter" and leaving only a phone number.

11. On or about June 29, 2007, an unidentified female representative left a message for Mr. Bradford stating only it involved an "urgent legal matter" and that the call needed to be returned as soon possible.

12. On or about August 6, 2007, a representative of defendant who identified himself as "Lenny" left a message for Mr. Bradford to return the call. The caller did not identify defendant as a debt collector.

13. On August 10, 2007, plaintiffs – through counsel – sent defendant a written demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the unlawful acts and omissions complained of herein, and the injuries suffered.

14. Defendant did not make a reasonable written tender of settlement within 30 days of receipt of plaintiffs' demand.

15. Defendant's failure to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

### Class Claims - FDCPA

### COUNT I

16. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

17. Defendant's letter failed to identify the nature of the "fees" which defendant sought to collect, thus misrepresenting the amount and character of the debt as required by 15 U.S.C. §1692e(1).

#### Class Allegations

18. Plaintiff William Bradford brings Count I on behalf of himself and a class of persons similarly situated. Class members consist of all Massachusetts residents to whom defendant sent a letter or statement within 1 year of the filing of this action, which letter or statement sought to collect an unidentified "fee" in connection with an alleged consumer debt and was not returned to sender as undeliverable. Excluded from the class are current and former officers, directors, employees, and agents of defendant.

19. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary

common questions are whether defendant is a debt collector under the FDCPA and whether the above-described practice violates the FDCPA as alleged.

20. Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.

21. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

22. A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

    WHEREFORE, plaintiff prays that this Honorable Court:

(i)     certify this claim as a class action pursuant to Fed.R.Civ.P. 23;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)     award plaintiff and class members statutory damages;

(iv)     award plaintiff and class members interest, costs, and attorney's fees;

(v)     award such further relief as shall be just and proper.

## COUNT II

23. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

24. On information and belief, the amount stated for "fees" represented a 20% collection charge based on the amount of the alleged debt.

25. Said charge was not expressly permitted by the underlying agreement which created the debt or state law, and thus violated 15 U.S.C. §§1692f(1) and 1692e(2)(B).

## COUNT III

26. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

27. Defendant's imposition of a percentage-based collection fee prior to the collection of any amount allegedly due violated 15 U.S.C. §§1692f(1) and 1692e(2)(B).

## COUNT IV

28. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

29. Defendant's imposition of a collection fee prior to the creditor incurring any such fee violated 15 U.S.C. §§1692f(1) and 1692e(2)(B).

### Class Allegations

30. Plaintiff William Bradford brings Counts II - IV on behalf of himself and a class of persons similarly situated. Class members consist of all Massachusetts residents alleged to owe a debt to the Mass. Board of Higher Education to whom defendant sent a letter or statement within 1 year of the filing of this action, which letter or statement imposed a percentage-based fee based on an alleged balance due and which was not returned to sender. Excluded from the class are current and former officers, directors, employees, and agents of defendant, and any person who has released defendant for said alleged conduct.

31. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether defendant is a debt collector under the FDCPA and whether defendant's conduct violates the FDCPA as alleged.

32. Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.

33. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

34. A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify this claim as a class action pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members actual damages;

(iv) award plaintiff and class members statutory damages;

(v) award plaintiff and class members interest, costs, and attorney's fees;

(vi) award such further relief as shall be just and proper.

### Class Claims – G.L. c. 93A

### COUNT V

35. The allegations of paragraphs 1 – 34 are incorporated herein as if fully set forth.

7

36. Defendant's letter (Exhibit A) failed to identify the nature of the "fees" included in the balance, thus misrepresenting the amount and character of the debt in violation of the FDCPA, 209 CMR 18.16(2)(a), and G.L. c. 93A.

## Class Allegations

37. Plaintiff William Bradford brings Count V on behalf of himself and a class of persons similarly situated. Class members consist of all Massachusetts residents to whom defendant sent a letter or statement within 4 years of the filing of this action, which letter or statement sought to collect an unidentified "fee" in connection with an alleged consumer debt and was not returned to sender as undeliverable. Excluded from the class are current and former officers, directors, employees, and agents of defendant.

38. Plaintiff and class members are similarly situated since there are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether defendant is a debt collector under federal and/or state law, whether defendant is engaged in trade or commerce in Massachusetts, and whether defendant's conduct violates G.L. c. 93A as alleged.

39. Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.

40. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

41. A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify this claim as a class action pursuant to G.L. c. 93A, section 9;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members statutory damages;

(iv) award plaintiff and class members costs and attorney's fees;

(v) award such further relief as shall be just and proper.

## COUNT VI

42. The allegations of paragraphs 1 – 34 are incorporated herein as if fully set forth.

43. On information and belief, the amount stated for "fees" represented a 20% collection charge based on the amount of the alleged debt.

44. Said charge was not expressly permitted by the underlying agreement which created the debt or state law, and thus violated the FDCPA, 209 CMR 18.16(2)(b) and 18.17, hence G.L. c. 93A.

45. Defendant's conduct was willful or knowing in nature.

## COUNT VII

46. The allegations of paragraphs 1 – 34 are incorporated herein as if fully set forth.

47. The imposition of a percentage-based collection fee prior to the collection of any amount allegedly due violated the FDCPA, 209 CMR 18.16(2)(b) and 18.17, hence G.L. c. 93A, and said misconduct was willful or knowing in nature.

## COUNT VIII

48. The allegations of paragraphs 1 – 34 are incorporated herein as if fully set forth.

49. The imposition of a collection fee prior to the creditor incurring any such fee violated the FDCPA, 209 CMR 18.16(2)(b) and 18.17, hence G.L. c. 93A, and said misconduct was willful or knowing in nature.

### Class Allegations

50. Plaintiff William Bradford brings Counts VI-VIII on behalf of himself and a class of persons similarly situated. Class members consist of all Massachusetts residents alleged to owe a debt to the Mass. Board of Higher Education to whom defendant sent a letter or statement within 4 years of the filing of this action, which letter or statement imposed a percentage-based fee based on an alleged balance due and which was not returned to sender. Excluded from the class are current and former officers, directors, employees, and agents of defendant.

51. There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members. The primary common questions are whether defendant is a debt collector under federal and state law and whether defendant's conduct violates G.L. c. 93A as alleged.

52. Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.

53. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff

nor counsel have any conflicts which would interfere with the successful prosecution of this case.

54. A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

    WHEREFORE, plaintiff prays that this Honorable Court:

    (i)    certify this claim as a class action pursuant to G.L. c. 93A, section 9;

    (ii)    appoint plaintiff as class representative and the undersigned as class counsel;

    (iii)    award plaintiff and class members actual or statutory damages, whichever is greater;

    (iv)    double or treble the amount of actual damages awarded;

    (v)    award plaintiff and class members interest, costs, and attorney's fees;

    (vi)    award such further relief as shall be just and proper.

## Individual Claims

### COUNT IX

55. The allegations of paragraphs 1 – 15 are incorporated as if fully set forth,

56. Defendant's statement to Bonnie Bradford in the March 27, 2007 phone call that it was not required to inform her of the status of her son's deferment application was false, deceptive and misleading in violation of 15 U.S.C. §1692e.

57. As a result of said unlawful conduct, Bonnie Bradford suffered anxiety, confusion, and emotional distress.

WHEREFORE, plaintiff Bonnie Bradford prays for an award of actual damages; statutory damages; interest, costs, and counsel fees.

### COUNT X

58. The allegations of paragraphs 1 – 15 and 56-57 are incorporated as if fully set forth.

59. Defendant's conduct as set forth in Count IX, above, violated G.L. c. 93A, and said conduct was willful or knowing in nature.

WHEREFORE, plaintiff Bonnie Bradford prays for an award of actual or statutory damages, whichever is greater; that actual damages be doubled or trebled, and for interest, costs, and counsel fees.

### COUNT XI

60. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth

61. Defendant's hostile, angry statements to Bonnie Bradford in the March 27, 2007 phone call that she was hurting her son, that she was making the situation worse, and implying that the State may come after her son, were abusive and harassing in violation of 15 U.S.C. §1692d.

62. As a result of said unlawful conduct, Bonnie Bradford suffered anxiety, confusion, and emotional distress.

WHEREFORE, plaintiff Bonnie Bradford prays for an award of actual damages; statutory damages; and interest, costs, and counsel fees.

### COUNT XII

63. The allegations of paragraphs 1 – 15 and 61-62 are incorporated herein as if fully set forth.

64. Defendant's conduct as set forth in Count IX, above, violated G.L.c. 93A, and was willful or knowing in nature.

WHEREFORE, plaintiff Bonnie Bradford prays for an award of actual or statutory damages, whichever is greater; that actual damages be doubled or trebled, and for interest, costs, and counsel fees.

### COUNT XIII

65. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

66. The failure of defendant's representative to identify defendant or that she was a debt collector in the May 15, 2007 phone call violated 15 U.S.C. §1692

WHEREFORE, plaintiff William Bradford prays for an award of statutory damages; costs, and counsel fees.

### COUNT XIV

67. The allegations of paragraphs 1 – 15 and 66 are incorporated herein as if fully set forth,

68. Defendant's conduct as set forth in paragraph 66 violated the FDCPA, 209 CMR 18.16(11) and (16), hence G.L. c. 93A.

WHEREFORE, plaintiff William Bradford prays for an award of statutory damages, costs, and counsel fees.

### COUNT XV

69. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

70. Defendant's May 15, 2007 phone call violated 15 U.S.C. §§1692d(6) and e(11) by failing to identify the caller or the defendant, or that it was a debt collector.

WHEREFORE, plaintiffs prays for an award of statutory damages; costs, and counsel fees.

### COUNT XVI

71. The allegations of paragraphs 1 – 15 and 70 are incorporated herein as if fully set forth,

72. Defendant's conduct as set forth in paragraph 70 violated the FDCPA, 209 CMR 18.16(11) and (16), hence G.L. c. 93A.

WHEREFORE, plaintiffs for an award of statutory damages, costs, and counsel fees.

### COUNT XVII

72. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

73. Defendant's June 29, 2007 phone call violated 15 U.S.C. §§1692d(6) and e(11) by failing to identify the caller or defendant, or that it was a debt collector.

WHEREFORE, plaintiff William Bradford prays for an award of statutory damages; costs, and counsel fees.

### COUNT XVIII

74. The allegations of paragraphs 1 – 15 and 73 are incorporated herein as if fully set forth,

75. Defendant's conduct as set forth in paragraphs 68 violated the FDCPA, 209 CMR 18.16(11) and (16), hence G.L. c. 93A.

WHEREFORE, plaintiff William Bradford prays for an award of statutory damages, costs, and counsel fees.

## COUNT XIX

76. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

77. The failure of defendant's representative to identify defendant or that it was a debt collector in the August 6, 2007 phone call violated 15 U.S.C. §§1692d(6) and e(11).

WHEREFORE, plaintiff William Bradford prays for an award of statutory damages; costs, and counsel fees.

## COUNT XX

78. The allegations of paragraphs 1 – 15 and 77 are incorporated herein as if fully set forth,

79. Defendant's conduct as set forth in Count XIX, above, violated the FDCPA, 209 CMR 18.16(11) and (16), hence G.L. c. 93A.

WHEREFORE, plaintiff William Bradford prays for an award of statutory damages, costs, and counsel fees.

## DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury on all claims.

Plaintiffs
By their attorney:

Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com